FILED
17 AUG -3 PM 2:59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:            DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRIKI A. HILL,<br><br>Petitioner,<br>v.<br>CHRISTIAN PFEIFFER, Warden,<br>Respondent. | Case No.: 16cv2843-JLS(KSC)<br><br>**REPORT AND RECOMMENDA-TION RE RESPONDENT'S MOTION TO DISMISS**<br><br>[Doc. No. 8.] |

Before the Court are respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus as Untimely [Doc. No. 8] and petitioner's Response thereto [Doc. No. 13]. In the Motion to Dismiss, respondent argues that the Petition in this case is barred by the one-year statute of limitations in Title 28, United States Code, Section 2244(d), because the Petition was filed on November 16, 2016, long after the expiration of the one-year limitations period, and because there are insufficient grounds for statutory or equitable tolling. [Doc. No. 8, at pp. 7-10.] In his Response, petitioner contends that equitable tolling applies, because prison lockdowns prevented him from having access to the law library. [Doc. No. 13, at pp. 3-4.] For the reasons outlined below, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss.

///

///

1

16cv2843-JLS(KSC)

## *Background*

On March 23, 2011, in San Diego Superior Court Case No. SCD231013, a jury found petitioner guilty of assault with a deadly weapon (a knife) in violation of California Penal Code Section 245(a)(1). [Doc. No. 9-8, at p. 61.] The jury also found that petitioner personally used a knife in the commission of the offense within the meaning of California Penal Code Section 1192.7(c)(23). [Doc. No. 9-8, at p. 61.] On March 18, 2011, shortly before trial, petitioner also pled guilty to battery of a significant other in violation of California Penal Code Section 243(e)(1) and possession of a controlled substance in violation of California Health and Safety Code Section 11375(b)(2). [Doc. No. 9-8, at p. 44.] In addition, petitioner stipulated prior to trial that he had several prior convictions, including voluntary manslaughter and assault with a firearm. [Doc. No. 9-18, at pp. 49-50.] The trial court sentenced petitioner to 25 years to life in state prison and also imposed an additional five-year enhancement. [Doc. No. 9-8, at p. 3.]

Petitioner's conviction and sentence were affirmed on direct appeal to the California Court of Appeal. [Doc. No. 9-14, at pp. 1-14; Doc. No. 9-16, at p. 1.] In addition, on November 28, 2012, the California Supreme Court denied a petition for review. [Doc. No. 9-18, at p. 1.]

On January 20, 2013, petitioner signed his first state habeas petition, and it was then file stamped by the trial court on February 14, 2013.[1] [Doc. No. 9-22, at pp. 7-8.] This first state habeas petition was denied shortly thereafter on April 5, 2013. [Doc. No. 9-23, at pp. 1-6.]

On September 25, 2013, petitioner signed and then filed an initial petition in Federal Court. [Doc. No. 9-19, at pp. 1-14, Case No. 13cv2333-CAB(JMA).] However,

---

[1] "Under the 'mailbox rule,' a *pro se* prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

on February 28, 2014, the Federal Court dismissed this initial Federal petition, because it contained exhausted and unexhausted claims. [Doc. No. 9-20, at p. 1; Doc. No. 9-21, at pp. 1-2.]

On June 18, 2014, petitioner signed a second state habeas petition, and this petition was file stamped by the trial court on June 20, 2014. [Doc. No. 9-24, at pp. 1-10.] The trial court denied this second state habeas petition on August 18, 2014. [Doc. No. 9-25, at pp. 1-4.]

On June 5, 2015, petitioner signed a third state habeas petition, and this petition was filed stamped by the California Supreme Court on July 17, 2015. [Doc. No. 9-26, at pp. 1-20.] The California Supreme Court denied this habeas petition on October 14, 2015. [Doc. No. 9-27, at p. 2.]

Petitioner did not file the current Petition until more than one year later on November 11, 2016. [Doc. No. 1.]

## *Discussion*

### *I.  The One-Year Statute of Limitations and Statutory Tolling.*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AAEDPA") imposes a one-year statute of limitations period on petitions for writ of habeas corpus filed in federal courts. 28 U.S.C. § 2244(d)(1). The one-year limitations period generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, tolling applies to the one-year limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The period of direct review after which a conviction becomes final includes the 90 days during which the state prisoner can seek a writ of certiorari from the United States Supreme Court." *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).

Based on the chronology of events outlined above and for purposes of AEDPA's one-year statute of limitations, petitioner's conviction became final on or about

February 26, 2013 (*i.e.*, 90 days after the California Supreme Court denied his Petition for Review on November 28, 2012). [Doc. No. 9-18, at p. 1.] However, at this time, his first state habeas petition, which he signed on January 20, 2013 [Doc. No. 9-23, at pp. 7-8], was pending in the state trial court. Therefore, petitioner was entitled to tolling of the statute of limitations until April 5, 2013, when the trial court denied this petition. [Doc. No. 9-23, at pp. 1-6.] Petitioner had one year from then, until Monday, April 6, 2014, to file a timely petition in Federal Court. However, the Petition in this case was not filed until November 16, 2016 [Doc. No. 1, at p. 1], long after the one-year statute of limitations had expired.

Although it is true that petitioner signed his first Federal habeas petition on September 25, 2013 [Doc. No. 9-19, at pp. 1-14], before the expiration of the one-year limitations period; signed a second state habeas petition on June 18, 2014 [Doc. No. 9-24, at pp. 1-10]; and signed a third state habeas petition on June 5, 2016 [Doc. No. 9-26, at pp. 1-20], he was not entitled to any statutory tolling while these petitions were pending in the Federal Court, the state trial court, or the California Supreme Court. Tolling under section 2244(d) does not apply during the pendency of a habeas petition in Federal Court. Therefore, the one-year limitation period was not tolled while petitioner's first habeas petition was pending in Federal Court. *Duncan v. Walker*, 533 U.S. 167, 181–182 (2001) (holding "that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" so Section 2244(d)(2) "did not toll the limitation period during the pendency of respondent's first federal habeas petition"); *Jiminez v. Rice*, 276 F.3d 478, 480-481 (9th Cir. 2002) (holding that "an application for federal habeas corpus relief does not toll the limitations period pursuant to § 2244(d)(2)").

Tolling under Section 2244(d) also does not apply to state habeas petitions filed after the expiration of the one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "that section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed"). In other

words, when petitioner signed his second state habeas petition on June 18, 2014 and signed his third state habeas petition on June 5, 2015, he was not entitled to any tolling, because the one-year statute of limitations had already expired on April 6, 2014, before these petitions were signed and filed. Therefore, the Petition in this case is time-barred under Section 2244(d).

## II. *Equitable Tolling.*

Petitioner argues that the Court should deny respondent's Motion to Dismiss and consider his Petition on the merits, because prison lockdowns prevented him from having sufficient access to the law library, and he requested a continuance for this reason in the first week of October 2016. [Doc. No. 13, at pp. 3-4.]

In the Ninth Circuit, AEDPA's one-year statute of limitations is subject to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). However, the Ninth Circuit has clearly stated that equitable tolling is "unavailable in most cases" and only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* at 1066 (citations omitted). "To receive equitable tolling, the petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations omitted). For example, "a complete lack of access to a legal file may constitute an extraordinary circumstance" as it is "unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file." *Id.* at 998 (internal quotations omitted). However, "common day-to-day security restrictions in prison," such as a stay in administrative segregation and limited access to a law library or copy machine, are not "extraordinary" enough to justify the application of equitable tolling. *Id.* "[C]oncluding otherwise would permit the exception to swallow the rule. . . ." *Id. See also Chaffer v. Prosper*, 592 F.3d 1046 (9th Cir. 2010) (finding that the petitioner's "pro se status, a prison library that was missing a handful of reporter

volumes, and reliance on helpers who were transferred or too busy to attend to his petitions" were "hardly extraordinary given the vicissitudes of prison life. . . .").

Here, petitioner did not meet his burden of showing diligence in pursuing his rights or extraordinary circumstances that prevented him from timely filing his Petition. First, diligence is not apparent on the record before the Court. Rather, the record shows lengthy, unexplained delays between filings which cannot be excused by a general, unsupported claim that "lockdowns in prison" prevented petitioner from having access to the law library. For example, petitioner's first state habeas petition was denied on April 5, 2013 [Doc. No. 9-23, at pp. 1-6], and for the reasons outlined above, the one-year limitations period then expired one year later on April 6, 2014. However, petitioner waited more than a year after the April 5, 2013 denial until June 18, 2014 to sign his second state habeas petition. [Doc. No. 9-24, at pp. 1-10.] There is also about a nine-month lapse of time between the state trial court's denial of petitioner's second state habeas petition on August 18, 2014 [Doc. No. 9-25, at pp. 1-4] and June 5, 2015, when petitioner signed his final state habeas petition that was then filed in the California Supreme Court on July 17, 2015 [Doc. No. 9-26, at pp. 1-20]. Finally, there is a gap of more than one year between the time that the California Supreme Court denied petitioner's third and final state habeas petition on October 14, 2015 [Doc. No. 9-27, at p. 2] until petitioner filed the current Petition on November 12, 2016 [Doc. No. 1].

Second, without more, petitioner's non-specific, vague references to "lockdowns in prison preventing him access to the law library" and a reference to one request for a continuance in October 2016 because of a prison lockdown are not enough to be considered "extraordinary circumstances" under the controlling precedents listed above. [Doc. No. 13, at pp. 3-4.] Therefore, under the circumstances presented, equitable tolling does not apply to save the current Petition from being barred as untimely.

## *Conclusion*

For the foregoing reasons, IT IS RECOMMENDED that the District Court GRANT respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus as

Untimely [Doc. No. 8] and enter judgment in favor of respondent. Dismissal is appropriate because the Petition is time barred under the one-year statute of limitations in Title 28, United States Code, Section 2244(d) and, under the circumstances presented, statutory and equitable tolling do not save the Petition from being barred as untimely.

This Report and Recommendation is submitted to the assigned United States District Judge pursuant to Title 28, United States Code, Section 636(b), and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. IT IS HEREBY ORDERED that any party to this action may file and serve written objections to this Report and Recommendation ***no later than September 1, 2017***. The document should be captioned "Objection to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to objections shall be filed and served ***no later than September 8, 2017***. The parties are advised that failure to file an objection within the specified time may waive the right to raise those objections on appear of this Court order. *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 3, 2017

Hon. Karen S. Crawford
United States Magistrate Judge

7

16cv2843-JLS(KSC)