1
2
3
4
5
6
7
8
9
**UNITED STATES DISTRICT COURT**

10
**SOUTHERN DISTRICT OF CALIFORNIA**

11

12    DIRIKI A. HILL,                                    Case No.: 16cv2843 JLS (KSC)

13                                  Petitioner,
                                                        **ORDER: (1) OVERRULING**
14    v.                                                **PETITIONER'S OBJECTION; (2)**
                                                        **ADOPTING REPORT AND**
15    CHRISTIAN PHIEFFER, Warden, et al.,                **RECOMMENDATION; (3)**
                                                        **GRANTING DEFENDANT'S**
16                                                       **MOTION TO DISMISS; AND (4)**
                                                        **DISMISSING WITH PREJUDICE**
17                                  Respondents.         **PETITIONER'S PETITION**

18

19

20                                                      (ECF Nos. 8, 14.)

21

22            Presently before the Court is Petitioner's Petition for a Writ of Habeas Corpus

23    ("Petition," ECF No. 1), Defendant's Motion to Dismiss the Petition as Untimely Filed

24    ("MTD," ECF No. 8), and Petitioner's Response in Opposition to Defendant's Motion to

25    Dismiss ("Opp'n," ECF No. 13). Magistrate Judge Karen S. Crawford issued a Report and

26    Recommendation ("R&R," ECF No. 14), recommending that the Court grant Defendant's

27    Motion to Dismiss, and to which Petitioner filed an Objection, ("Obj.," ECF No. 15).

28    Defendant did not file a reply to Petitioner's Objection.

Having considered the Parties' arguments and the law, as well as the underlying state court record, the Court **OVERRULES** Petitioner's Objection, **ADOPTS** Judge Crawford's Report and Recommendation, **GRANTS** Defendant's Motion to Dismiss, and **DISMISSES WITH PREJUDICE** Petitioner's Petition.

## BACKGROUND

Judge Crawford's Report and Recommendation contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Defendant's pending Motion to Dismiss. (*See* R&R. 1–2.) This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

In his Opposition, Petitioner's sole argument in support of tolling the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations (*see* 28 U.S.C. § 2244(d)) is that there were "lockdowns in prison preventing him access to the law library." (Opp'n 3.) Petitioner further argues that his Motion for a Continuance—filed in his prior federal habeas case—"shed a light" on why tolling is appropriate. (*Id.*)

The document Petitioner references was a "Motion for a 30 Day Continuance" that Petitioner filed 959 days after his first federal petition was dismissed, or 757 days after formal judgment was entered in favor of Respondent. In the document, Petitioner requested

a 30 day continuance, noted that his state petition was denied by the California Supreme Court, and explained only that Petitioner had "been having problems obtaining documents that he need[s] to argue his case."[1]

In his Objection to Judge Crawford's R&R, Petitioner argues he "did the best he could in exhausting his federal claims . . . [and] [i]t has nothing to do with [sic] law library and its [sic] access to, but everything to do with his [sic] how much he knows about the legal process." (Obj. 3.)

Petitioner has said nothing about the year-long stint between the denial of his final state petition and filing of his request for a thirty-day continuance. (*See* Opp'n 2; Obj. 2.) And even if Petitioner's mere assertions that (1) he had "been having problems obtaining documents that he need[s] to argue his case[,]"[2]—which Petitioner subsequently explained was a reference to "prison lockdowns[,]" (*see* Opp'n 2–3)— and; (2) he does not understand "the legal process[,]" were sufficient to toll the AEDPA statute of limitations during this entire year,[3] the instant Petition would still be untimely.

Specifically, Petitioner's first state petition was denied on March 3, 2013, and Petitioner took no further action until September 25, 2013, when he filed his first petition in federal court. This period comprises 204 days during which the AEDPA statute of limitations was running. Next, even assuming that Petitioner's first federal petition tolled AEDPA's statute of limitations from September 25, 2013 until the final judgment in favor of Respondents (rather than the petition's initial dismissal)—issued on September 18, 2014—then the statute continued to run from that point forward until Petitioner filed his

---

[1] *See Hill v. Beard*, 13cv2333-CAB (JMA), ECF No. 7. Because the Court rejected this document due to the case having already been dismissed, the document is not a part of the formal record for the case.
[2] *See Hill v. Beard*, 13cv2333-CAB (JMA), ECF No. 7-1, at 1.

[3] They are not. *See, e.g.*, *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("We have little difficulty determining that [the petitioner] is not entitled to equitable tolling . . . simply because he remained in administrative segregation and had limited access to 'the law library [and] copy machine.' " (third alteration in original)); *Clark v. McEwen*, No. 10-cv-2149, 2012 WL 1205509, at *11 (S.D. Cal. Feb. 28, 2012) (holding "a lack of understanding of the law does not constitute the extraordinary circumstances required for equitable tolling.")

next state-court petition[4] on July 15, 2015, in the California Supreme Court. The period comprises 300 days during which the AEDPA statute of limitations was running. This totals 504 days—well beyond AEDPA's one-year statute of limitations. Thus, even if the Court granted Petitioner a year's worth of equitable tolling from the denial of his final state petition to the date of his request for a thirty-day continuance, the instant Petition would still be untimely.

## CONCLUSION

Given the foregoing, the Court **OVERRULES** Petitioner's Objection, **ADOPTS** Judge Crawford's Report and Recommendation, **GRANTS** Defendant's Motion to Dismiss, and **DISMISSES WITH PREJUDICE** Petitioner's Petition. Furthermore, because Petitioner's Petition would be untimely even if the Court granted Petitioner the most generous amount of tolling possible under Petitioner's allegations, Petitioner has failed to show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the Court **DENIES** a certificate of appealability.

Because this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: September 12, 2017

*Janis L. Sammartino*

Hon. Janis L. Sammartino
United States District Judge

---

[4] Petitioner filed <u>another</u> state-court petition during the pendency of his first federal petition. Specifically, he filed his second state-court petition on June 18, 2014 in California Superior Court, which the Superior Court denied on August 18, 2014.

16cv2843 JLS (KSC)